

Villanova University School of Law
Villanova University School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2005

# Karagjozi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4835

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Karagjozi v. Atty Gen USA" (2005). *2005 Decisions*. Paper 1424.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1424

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 03-4835 and 03-4836
_____

ETLEVA FERIT KARAGJOZI,

Petitioner at No. 03-4835

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent.

_____

HEDO KARAGJOZI

Petitioner at No. 03-4836

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____


Petition for Review of an Order of the
Board of Immigration Appeals
(D.C. Civil Nos. A73-604-026, A75-837-620)


_____

Before: NYGAARD, McKEE, and RENDELL, Circuit Judges.

(Filed: March 29, 2005)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Petitioners, Hedo Karagjozi and Etleva Karagjozi, mother and daughter respectively, are natives and citizens of Albania and seek review of the Board of Immigration Appeals' denial of their motion to reopen or reconsider their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We now deny the petition.

**I.**

Initially, both Petitioners were lawfully admitted to the United States,[1] but then remained in the United States without authorization. Petitioners submitted separate

_____

1.  Etleva Karagjozi was admitted on a fiancé visa on June 11, 1995 with authorization to remain until September 10, 1995. She never married. Hedo Karagjozi was admitted on June 30, 1996 as a nonimmigrant visitor for pleasure with authorization to remain until December 29, 1996.

applications for asylum and withholding of removal. The INS commenced removal proceedings against them by filing Notices to Appear. Petitioners conceded removability and admitted the factual charges against them, but also pursued their claims of asylum and withholding of removal, or, in the alternative, voluntary departure.

A hearing on the merits was held, and Petitioners presented evidence about their fears of persecution. The IJ admitted evidence regarding how members of the Democratic Party—with which both Petitioners were associated—were treated by the new Socialist majority. Following this hearing, the Immigration Judge denied both Petitioners' applications for asylum and withholding of removal, but granted their request for voluntary departure.

Petitioners appealed the IJ's decision to the BIA and attached additional information regarding the conditions in Albania and the treatment of the Karagjozi family. The BIA dismissed the appeal. Because new evidence is not generally considered by the BIA on appeal, the BIA treated the attached exhibits as a request to remand the record to the IJ for further proceedings. Nonetheless, after reviewing the additional evidence submitted with the appeal, the BIA found that the evidence referred to events which occurred before the hearing with the IJ, and that the Petitioners had not provided an explanation as to why the information was not submitted at that time. The BIA also stated that the Petitioners failed to state why the new evidence would affect the outcome of their case. Consequently, in August of 2003, the BIA determined that the

new evidence did not warrant remand and dismissed the appeal. Notably, the Karagjozis did not appeal.

Petitioners filed a motion with the BIA to reopen and reconsider the August decision. In this motion, Petitioners alleged that changed country conditions and new evidence necessitated a new hearing in front of an IJ. Petitioners attached twenty-two exhibits to their motion consisting of reports, press releases, and news articles. The BIA denied this motion stating that Petitioners had failed to identify a "legal or factual defect in the most recent decision" and that the documents attached to the motion "only discuss the general country conditions in Albania, and do not address any of the issues specific to the respondents' asylum claims." (J.A. at 2). Petitioners appeal this decision.

## II.

The IJ found that the Petitioners' asylum claim rested on two basic points: (1) that their ancestors were capitalists and anti-communists and were persecuted by the communists after World War II; thus, the Petitioners claim, the stigma that has attached to them because of their family background would cause them to be persecuted by the current Socialist majority. And, (2) that the younger Petitioner, Etleva Karagjozi, worked for the secret police when the Democratic Party was in power in Albania, and now that the Socialist Party has taken power, Petitioners fear they will be persecuted because of their ties to the former Democratic majority. Over the years Petitioners and their family have been targeted and ostracized in some respects because of their family history and

4

Etleva's involvement with the secret police. Because Petitioners did not appeal the BIA's August opinion, however, it is unnecessary for us to delve into the specifics of this treatment. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995) (explaining that a deportation order is final when issued and must be appealed even if the applicant files a motion to reconsider or reopen the proceedings). Instead, for the purpose of this appeal, we are confined to determining whether the BIA erred by denying the motions to remand or reconsider.

**III.**

Petitioners filed a Motion to Reopen/Reconsider with the BIA. Motions to reopen and motions to reconsider are distinct legal tools in the immigration context. A motion to reconsider, governed by 8 C.F.R. § 3.2(b), requires an applicant to "specify[] the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." A motion to reopen on the other hand, governed by 8 C.F.R. § 3.2(c), allows an applicant to provide new facts which would be proven if a hearing were granted. The BIA may only grant such a motion if it appears "that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 3.2(c).

A motion for reconsideration must be based upon a legal or factual defect in the original decision. Here, Petitioners primarily argued that the country conditions have changed since the denial of their applications, and that additional documents support their

claims of persecution. Petitioners motion to reconsider is premised on the argument that the BIA's August 2003 decision—that a remand for a new hearing was unnecessary—was in error. In their motion, however, Petitioners failed to state any specific legal or factual errors in the BIA's August decision. Accordingly, the BIA did not abuse its discretion in denying the motion. *See Nocon v. INS*, 789 F.2d 1028, 1033 (3d Cir. 1986).

Next, we turn to the motion to reopen. There are three principal grounds on which the BIA may deny a motion to reopen: (1) it may hold that the movant failed to establish a prima facie case for relief, (2) it may hold that the movant failed to introduce previously unavailable, material evidence that justified reopening, or (3) in cases where the ultimate grant of relief is discretionary, it may bypass the two threshold concerns and determine whether the movant would be entitled to discretionary relief. *Id.* at 169-70. Here, the BIA presumably found that the Petitioners did not introduce any previously unavailable, material evidence which justified reopening.[2] We review this decision for an abuse of discretion. *Ezeagquna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir. 2003).

When the Petitioners filed their first appeal to the BIA, they attached 16 exhibits which had not been before the IJ. Although the BIA does not consider original evidence at the time of appeal, the BIA did treat the submissions as a request to remand to the IJ for

---

2.	The BIA primarily addressed the motion as one to reconsider, rather than as a motion to reopen because it had essentially addressed the question of reopening the proceedings in the August 2003 decision. With respect to the new evidence the BIA found that the documents did "not address any of the issues specific to the respondents' asylum claims." (J.A. at 2).

further proceedings. (J.A. at 226). Less than a month after the BIA's decision denying this request to remand for further proceedings, Petitioners filed their motion to reopen. Consequently, when the BIA reviewed the evidence and determined that there was no previously unavailable, material evidence which required a remand, they were, in essence, reaffirming the decision they made in August of 2003. Indeed, Petitioners' did not present any previously unavailable, material evidence or evidence of changed country conditions between the August 2003 decision and the motion to reopen.[3] As Petitioners did not appeal the August 2003 decision, we are without jurisdiction to review that decision. *Stone,* 514 U.S. at 405-06. Given the lack of new evidence between the August 2003 decision and the motion to reopen, we cannot say that the BIA abused its discretion in denying the motion to reopen. Accordingly, the petition for review is Denied.

---

3. The twenty-two exhibits attached to the motion to reopen consisted of articles and press releases on country conditions in Albania. The most recent of these was dated August 6, 2003 with dates ranging all the way back to 1997. While these articles surely shed light on the situation since the original immigration hearing in 1998, the vast majority of the articles were available before the BIA's August 2003 decision to which Petitioner's attached various exhibits, and which the BIA considered as a request to remand for further proceedings